JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6915
   FAX: (415) 436-6927

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SATINDERPAL SINGH, ) | No. C 08-1022-JF |
|    Petitioner, ) | |
| v. ) | **RESPONSE TO ORDER TO SHOW CAUSE** |
| LT. DAVID SEPULVEDA, JAIL ) ADMINISTRATOR, et al., ) | |
|    Respondents. ) | |

## I. INTRODUCTION

The petitioner is a native and citizen of India who is subject to a final removal order and is currently detained by ICE while it attempts to execute the petitioner's removal order. On February 20, 2008, Singh filed a petition for writ of habeas corpus, alleging that his continued detention by the United States Immigration and Customs Enforcement is unlawful. The respondents hereby submit their response to the Court's Order to Show Cause why the habeas petition should not be granted.

## II. FACTS

The petitioner is a native and citizen of India who entered the United States illegally on January 16, 1997. Declaration of Yakov Grinberg at Exhibit A. The United States Immigration

RESPONSE TO OSC
C-08-1022-JF                        1

and Customs Enforcement placed the petitioner in removal proceedings, charging the petitioner in a Notice to Appear with removal as an alien present in the United States without admission or parole, in violation of 8 U.S.C. § 1182(a)(6)(A)(i). Grinberg Declaration at Exhibit A. Following a hearing, an Immigration Judge denied the petitioner's application for asylum and protection under the United Nations Convention Against Torture and issued a removal order on August 30, 1999. Grinberg Declaration at Exhibit B.

The Board of Immigration Appeals affirmed the Immigration Judge's removal order on March 5, 2003. Grinberg Declaration at Exhibit C. The United States Court of Appeals for the Ninth Circuit affirmed the BIA's decision on April 13, 2005. Grinberg Declaration at Exhibit D. The petitioner, however, did not report for removal to India as directed on October 12, 2005. Grinberg Declaration at Exhibit E.

On February 2, 2007, the petitioner was convicted in the California Superior Court for Alameda County of felon in possession of a firearm in violation of California Penal Code § 12021(a)(1). Grinberg Declaration ¶ 9. The petitioner was released from Alameda County custody after serving approximately 139 days at Santa Rita Jail and was taken into ICE custody for the purpose of executing his removal order on July 12, 2007. Grinberg Declaration ¶ 10.

On August 27, 2007, the Detention and Removal Office of ICE in San Francisco (ICE-San Francisco) submitted a request for a travel document (which is necessary to remove the petitioner to India) to the San Francisco Consulate General of India and to the Indian Embassy in Washington, D.C. Grinberg Declaration at Exhibits F and G. ICE-San Francisco followed up with the Vice Consul of the San Francisco Consulate General of India by email on several occasions, including on October 9, 2007, November 23, 2007, and February 19, 2008. Grinberg Declaration ¶ 12.

ICE-San Francisco provided the petitioner with a post order custody review pursuant to 8 C.F.R. § 1241.4, on December 13 2007. The decision was made to continue to detain the petitioner. Grinberg Declaration at Exhibit H. ICE-San Francisco provided the petitioner with a second post order custody review pursuant to 8 C.F.R. § 1241.4, on January 23, 2008. The decision was made to continue to detain the petitioner. Grinberg Declaration at Exhibit I. ICE

Headquarters in Washington, D.C. provided the petitioner with a third post order custody review pursuant to 8 C.F.R. § 1241.4, on February 26, 2008. The decision was made to continue to detain the petitioner. Grinberg Declaration at Exhibit J.

On February 28, 2008, ICE-San Francisco received a letter from the Consulate General of India in San Francisco, stating that the address the petitioner had provided in the request for a travel document was not correct; in particular, the address did not include a street name or house number. Grinberg Declaration at Exhibit K. ICE-San Francisco responded on March 7, 2008, to the Consulate General of India's request for an accurate address for the petitioner. Grinberg Declaration at Exhibit K. ICE expects to receive a response from the Indian Ministry of Home Affairs within 45 days regarding the status of the petitioner's travel document. Grinberg Declaration ¶ 18.

### III. DISCUSSION

The petitioner contends that he is being held indefinitely by ICE with no significant likelihood of his removal in the reasonably foreseeable future, in violation of the statutory detention framework and *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1] This contention lack merit.

1. <u>Legislative Framework</u>

Where, as here, a final order of removal has been entered against an alien, the government has an obligation to facilitate the alien's removal within a 90-day removal period. *See* 8 U.S.C. § 1231(a)(1). During this period, the government must detain that alien until he or she is actually removed. *See* 8 U.S.C. § 1231(a)(2). In situations where removal cannot be accomplished within 90 days, detention beyond the removal period is permitted by 8 U.S.C. § 1231(a)(6), which provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the

---

[1] Courts have held that the REAL ID Act does not eliminate a district court's jurisdiction to review a habeas petition challenging the length of an alien's detention. *See, e.g., Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006); *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping provisions [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal.").

RESPONSE TO OSC
C-08-1022-JF                                      3

community or unlikely to comply with the order of removal, may be detained
beyond the removal period and, if released, shall be subject to the terms of
supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).[2]

2. *Zadvydas v. Davis*, 533 U.S. 678 (2001)

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), two resident aliens challenged the constitutionality of their detentions under 8 U.S.C. § 1231(a)(6) because, although no country was willing to accept them, the government continued to hold them years after the expiration of the 90-day removal period. *See Zadvydas*, 533 U.S. at 684-86. The Court stated that, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem" under the Fifth Amendment of the United States Constitution. *Id.* at 690. Applying the constitutional avoidance doctrine in order to avoid this potential problem, the Court held that 8 U.S.C. § 1231(a)(6), "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal" and "does not permit indefinite detention." *Id.* at 689. The Court stated that, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized" by 8 U.S.C. § 1231(a)(6). *Id.* at 699.

The Court concluded that it is presumptively reasonable for the government to detain an alien for 180 days while it attempts to execute the alien's removal order. Following that 180-day period, an alien may seek release from custody by demonstrating that his or her removal is not significantly likely in the reasonably foreseeable future. *Id.* at 701. If the alien meets this burden, the government must respond with evidence sufficient to rebut the alien's showing. *Id.* If it is not

---

[2] In *Ma v. Ashcroft*, 257 F.3d 1095 (9th Cir. 2001), the Ninth Circuit explained that many aliens cannot be removed within the ninety day period for various reasons:

> First, some individual cases may simply require more time for processing. Second, there are cases involving aliens who have been ordered removed to countries with whom the United States does not have a repatriation agreement, such as Cambodia, Laos, and Vietnam. Finally, there may be those aliens whose countries refuse to take them for other reasons, and yet others who may be effectively "stateless" because of their race and/or place of birth.

*Id.* at 1104.

significantly likely that the alien will be removed within the reasonably foreseeable future, the alien may bring a habeas petition after the six-month period and the court may order him or her released, subject to conditions set by the Attorney General. *Id.*

### 3. The Petitioner's Removal is Significantly Likely in the Reasonably Foreseeable Future

Under *Zadvydas*, an alien is not automatically entitled to release after six months of post-order detention. The six-month period in *Zadvydas* is only a presumptive period, not a bright-line date, and it is rebuttable. *See Zadvydas*, 533 U.S. at 701. An alien may be detained until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See id.* The alien bears the burden of proof that his removal is not likely to occur in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701 ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").

Here, although the petitioner has been detained for more than 180 days, there is a significant likelihood of the petitioner's removal in the reasonably foreseeable future. The government has submitted a request for a travel document to the Indian Consulate and expects to hear a response from the Indian Ministry of Home Affairs within 45 days. Grinberg Declaration ¶ 18. This is not a case like *Zadvydas*, in which the aliens were being detained because no country was willing to accept them. Here, the petitioner is being detained because the government is rationally and diligently pursuing the issuance of a travel document from the Indian government, which is necessary to execute the petitioner's removal to India.

Date: April 18, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
EDWARD A. OLSEN
Assistant United States Attorney
Attorneys for Respondents

RESPONSE TO OSC
C-08-1022-JF                                                    5

RESPONSE TO OSC
C-08-1022-JF                                    6