JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6915
    FAX: (415) 436-6927

Attorneys for Respondents

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| SATINDERPAL SINGH, | No. C 08-1022-JF |
| Petitioner, | |
| v. | **DECLARATION OF YAKOV GRINBERG** |
| LT. DAVID SEPULVEDA, JAIL ADMINISTRATOR, et al., | |
| Respondents. | |

I, YAKOV GRINBERG, DECLARE AS FOLLOWS:

(1) I am a Supervisory Detention and Deportation Officer for Detention and Removals for Immigration and Customs Enforcement (ICE) in San Francisco, California. In that capacity, I have reviewed the petitioner's Administrative File and have direct knowledge of this case and attest as follows.

(2) The petitioner, Satinder Pal Singh, A75-306-564, is currently in ICE custody.

(3) The petitioner is a native and citizen of India who initially entered the United States without inspection on January 16, 1997.

(4) The petitioner was charged in a Notice to Appear (NTA) with removal from the United States under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without inspection or parole.

28

1

A true and correct copy of the NTA is attached as Exhibit A.

(5) The petitioner was ordered removed to India by an Immigration Judge on August 30, 1999. A true and correct copy of the Immigration Judge's decision is attached as Exhibit B.

(6) The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's decision on March 5, 2003. A true and correct copy of the BIA's decision is attached as Exhibit C.

(7) The United States Court of Appeals for the Ninth Circuit affirmed the BIA's decision on April 13, 2005. A true and correct copy of the Ninth Circuit's memorandum disposition is attached as Exhibit D.

(8) The petitioner did not report for removal to India as directed on October 12, 2005. A true and correct copy of the ICE Form I-166 is attached as Exhibit E.

(9) On February 2, 2007, the petitioner was convicted in California Superior Court for the County of Alameda of felon in possession of a firearm in violation of California Penal Code § 12021(a)(1).

(10) The petitioner was then released Alameda County custody after serving approximately 139 days at the Santa Rita Jail, and was taken into ICE custody on July 12, 2007.

(11) On August 27, 2007, our office submitted a request for a travel document (which is necessary to remove the petitioner to India) to the San Francisco Consulate General of India and to the Indian Embassy in Washington, D.C. True and correct copies of these requests are attached as Exhibits F and G.

(12) Our office has followed up with the Vice Consul of the San Francisco Consulate General of India by email on several occasions, including on October 9, 2007, November 23, 2007, and February 19, 2008.

(13) Our office provided the petitioner with a post order custody review pursuant to 8 C.F.R. § 1241.4, on December 13 2007. The decision was made to continue to detain the petitioner. A true and correct copy of the decision is attached as Exhibit H.

(14) Our office provided the petitioner with a post order custody review pursuant to 8 C.F.R. § 1241.4, on January 23, 2008. The decision was made to continue to detain the petitioner. A true and

GRINBERG DECLARATION                    2
C-08-1022-JF

correct copy of the decision is attached as Exhibit I.

(15) ICE Headquarters in Washington, D.C. provided the petitioner with a post order custody review pursuant to 8 C.F.R. § 1241.4, on February 26, 2008. The decision was made to continue to detain the petitioner. A true and correct copy of the decision is attached as Exhibit J.

(16) On February 28, 2008, our office received a letter from the Consulate General of India in San Francisco, stating that the address the petitioner had provided in the request for a travel document was not correct; in particular, the address did not include a street name or house number.

(17) On March 7, 2008, our office responded to the Consulate General of India's request for an accurate address for the petitioner. True and correct copies of the Consulate General of India's request and our office's response are attached as Exhibit K. The petitioner was informed of the letter from the Consulate General of India and was provided with an opportunity to amend his Travel Document application. The address provided by the petitioner was submitted to the Consulate.

(18) On April 18, 2008, our office was informed by our headquarters that the petitioner's application for a travel document was submitted to the Indian Ministry of Home Affairs for its review approximately 45 days ago, in order to confirm the petitioner's nationality, residence, and biological information for purposes of issuing a travel document. A response is expected from the Indian Ministry of Home Affiars within 45 days.

(19) The petitioner's removal to India is expected in the reasonably foreseeable future.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 18, 2008

Yakov Grinberg
Supervisory Detention and Deportation Officer
Detention and Removals
United States Immigration and Customs Enforcement
San Francisco, California

GRINBERG DECLARATION
28
C-08-1022-JF

3

EXHIBIT A

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No:  A75 306 564

In Matter of:

Respondent:    SINGH, SATINDERPAL                                              currently residing at:

39564 TRINITY WY  APT B  FREMONT, CA 94538-0000                         000-000-0000
$\overline{\text{(Number, street, city, state, and ZIP code)}}$            $\overline{\text{( Area code and phone number)}}$

☐  1.  You are an arriving alien.

☒  2.  You are an alien present in the United States who has not been admitted or paroled.

☐  3.  You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
1)  You are not a citizen or national of the United States;
2)  You are a native of INDIA and a citizen of INDIA;
3)  You entered the United States at or near SAN YSIDRO, CA on or about January 16, 1997;
4)  You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis  of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following
provision(s) of law:
Section 212 (a) (6) (A)(i) of the Immigration and Nationality Act (Act), as amended, as an alien present in the United States without
being admitted or paroled, or who has arrived in the United States at any time or place other than designated by the Attorney General.

☐  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐  Section 235(b)(1) order was vacated pursuant to:  ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
550 KEARNY STREET,   SUITE #800, SAN FRANCISCO, CA 94108-0000
(Complete Address of Immigration Court, Including Room Number, if any)

on  **15 MAY 1998**  at  1:00 p.m.  to show why you should not be removed from the United States based on the
$\quad\overline{\text{(Date)}}\quad\quad\quad\overline{\text{(Time)}}$
charge(s) set forth above.

Date:  10 DEC 1997                                         _____
                                                             (Signature and Title of Issuing Officer)

                                                             SAN FRANCISCO, CA
                                                             (City and State)

### See reverse for important information

Form I-862(Rev. 4-1-97)

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____

_____
(Signature of Respondent)

_____
(Signature and Title of INS Officer)

Date: _____

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on __DEC 15 1997__, in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[✓] in person          [ ] by certified mail, return receipt requested          [ ] by regular mail

[x] Attached is a list of organizations and attorneys which provide free legal services.

[ ] The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

_____
(Signature and Title of Officer)

# EXHIBIT B

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
San Francisco, California

File No.:  A 75 306 564                    August 30, 1999

In the Matter of

SATINDERPAL SINGH,              )          IN REMOVAL PROCEEDINGS
                                )
          Respondent            )

CHARGE:

APPLICATION:

ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:
Mr. Alison Dixon                      Mr. James Gildea

<u>ORAL DECISION OF THE IMMIGRATION JUDGE</u>

        The respondent states that his name is Satinderpal
Singh. although There are no definite documents of identity that
have bee presented to the Court.  In this respect, the Court
notes that the respondent admitted that he had used a different
name on his journey to the United States, namely, the Hindu name
Vijay Kumar.  Also in the course of testimony, the respondent
identified his signature on the Form I-589 which is part of
Exhibit 2.  Above that signature of the respondent it is stated
that the respondent agreed to certain changes on the Form I-589
which changes were numbered 1-6.  The fourth of those changes is
the addition of yet another name to which the respondent did not
directly testify; that name is Prem Singh.

        The respondent states that he was born on October 5th
of 1960. and The respondent does, indeed, have the appearance of a

vme

person who is approximately 39 years of age.

The respondent also states that he is a native and citizen of India. The Court does believe that the respondent is an alien. ~~was~~ Given that the respondent proceeded at hearing on August 30, 1999, with the assistance of an interpreter in the Punjabi language, it does appear that the respondent likely hails from the state of Punjab, *in India* where that language is spoken.

The charging document in this case is Exhibit 1. It charges that the respondent is subject to removal under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act in that he entered the United States on or about January 16, 1997, without having been admitted or paroled after inspection. At a master calendar hearing held on July 31, 1998, the respondent through his former Counsel, admitted the truth of all of the allegations of the charging document and conceded that he is subject to removal as charged. On this basis, the Court now finds that the respondent is subject to removal under Section 212(a)(6)(A)(i) of the Act.

The respondent has made two applications for relief from removal. First, he has applied for asylum under Section 208 of the Act. Second, he has applied for restriction on removal under Section 241(b)(3) of the Act. The Court will first consider the application for asylum.

Under Section 208 of the Act, the Court may grant asylum as a matter of discretion to a refugee as defined in

A 75 306 564                    2                    August 30, 1999

vme

Section 101(a)(42)(A) of the Act.  This provision defines a
refugee as a person who is unable or unwilling to return to or is
unable or unwilling to avail himself of the protection of his
native country because of persecution or a well-founded fear of
persecution on account of race, religion, nationality, membership
in a particular social group or political opinion.

    As this definition implies, an application for asylum
can be based on a claim of past persecution or on a claim of a
well-founded fear of persecution in the future.  If the claim is
of the former type, the decision making is guided by the
principles laid out in <u>Matter of Chen</u>, 20 I&N Dec. 16 (1989), and
its successor cases.  If the claim is of the second type, the
respondent is required to demonstrate that his asserted fear of
persecution is both subjectively and objectively reasonable.  The
subjective component requires a showing that the fear is genuine.
The objective component requires a showing of fact that would
support a conclusion that the fear is reasonable.  <u>DeValle v.
INS</u>, 901 F.2d 787 (9th Cir. 1990).

    It is axiomatic in this area of the Law that the
applicant *bears* the burden of *proving* that he is eligible for
asylum.  It is also axiomatic in this area, as in all areas of
law, that the evidence presented be credible and plausible
evidence.

    Having stated these general guidelines that apply to
decision making on applications for asylum, the Court will turn to

A 75 306 564           3         August 30, 1999

vme

the application of the respondent in this case.

The application for asylum in this case will be denied because the Court does not believe that the evidence is credible. The evidence consists of the respondent's testimony giving at a hearing on the application held on August 30, 1999. It also consists of Exhibits 2 through 7 which are the documents and the application ~~itself~~ presented to the Court by the respondent.

In brief, the respondent's claim to asylum rests on his asserted membership in an organization known as the All India Sikh Student Federation and also on his strong affiliation with the political party known as the Akali Dal (Mann). The respondent states that because of his activities, particularly in respect to the Akali Dal (Mann), the respondent was arrested by India police authorities on three occasions. These occasions were, according to his testimony, June 1, 1993; October 20, 1996, as the respondent first testified, and October 20, 1995 as he later testified; and September 26, 1997 as the respondent first testified, and September 26, 1996 as he later testified.

The respondent states that he fled after the last arrest out of fear that the police would either kill him or seriously injure, or "disappear" him.

The Court notes that the record will reveal that the respondent's dates and times of significant events are problematical in this case. The Court has already noted briefly that the respondent began by indicating that the dates of his

A 75 306 564                      4                  August 30, 1999

vme

second and third arrests occurred in the years 1996 and 1997 and
that he later indicated that they occurred in the years 1995 and
1996.  As to this change in dates, the Court notes that the
respondent has been present in the United States since the year
1997.  It does strike the Court as unusual in a person who has
gone through 10th grade education in his country that he could
make so basic an error regarding the dates of his arrest to the
extent that, as he originally testified, the date of his second
arrest would have occurred after his arrival in the United States
in January 1997.  The Court believes that this change in dates
indicates that the respondent is likely memorizing his
application from a script that was pre-prepared and that he poorly
memorized the dates in that script.  The Court's conclusions in
this respect, of course, are not based merely on this change of
dates.  They are based on other factors that the Court will
mention shortly.

     Some of these other factors also deal with dates and
times.  For example, the respondent stated that he was arrested
on the day after he entertained certain members of the Akali Dal
(Mann) on May 29, 1993.  However, he indicated that the arrest
actually occurred on June 1, 1993 which is, obviously, not the
day after May 29, 1993.  The respondent was quite clear on direct
examination that he was arrested the day after May 29th of 1993.
When the unusual nature of his timing was brought up to him at
cross-examination, his explanation was incoherent to the Court.

A 75 306 564                    5              August 30, 1999

vme

Additionally, the respondent stated on direct examination that the raid on his home that *led* to his arrest on September 26, 1996 or 1997, as the case may be, occurred at 10 or 11 o'clock, possibly 10 or 11 a.m. or 10 or 11 p.m. However, on cross-examination, the respondent very clearly stated on the record that the arrest occurred at 4 or 5 a.m. There is no explanation for this very unusual and sudden change *in the* timing of the third arrest.

The respondent states that he was so closely affiliated with the Akali Dal (Mann) that he was "regarded as a member." In the course of his testimony, at least two times, he disavowed being a member of the Akali Dal (Mann). Yet, the respondent presented to the Court what purports to be a letter of the Akali Dal (Mann) in Exhibit 4. This letter very clearly says in the third line that the respondent was an active member of the Akali Dal (Mann). Indeed, the letter contains a membership number in the fourth full paragraph of the letter. Even when the respondent was made aware that the letter contained a membership number, he continued to deny that he was a member of the Akali Dal (Mann) or that he, in fact, had a membership number in the Akali Dal (Mann). The Court would also note a matter that appears from the face of this letter itself. In all places on the letter the organization is referred to as the Shiromani Akali Dal. However, on the stamp that appears next to the signature of the "spokesman and secretary," the organization is called Shironni

A 75 306 564                        6                   August 30, 1999

vme

Akali Dal.  It is evident that this letter is completely at odds with the respondent's testimony and is certainly not any indication of the respondent's membership in the Akali Dal (Mann), since he denies being a member, and certainly casts very strong doubt on whether the respondent was so active in support of the Akali Dal (Mann) that he was "regarded as a member."

As to the respondent's membership in an organization known as the All India Sikh Student Federation, the Court notes that it does appear that the letterhead is misspelled.  According to Department of State documentation and, in this respect, the Court refers, in particular, to Exhibit 8B, the organization is known as the All India Sikh Student Federation not the All India Sikh Students Federation as spelled on the letterhead of the document.  Accordingly, the Court discounts this document as proof of very much.

What is also problematically about Exhibits 3 and 4, the letters of the All India Sikh "Students" Federation and the letter of the Shiromani Akali Dal are that the respondent stated that he obtained both letters by, first, telephoning directly the president of the All India Sikh Students Federation and secondly, the president of the Shiromani Akali Dal.  These persons are Mr. Harminder Singh Gill and the famous Mr. Simranjit Singh Mann. This strikes the Court as unusual because throughout his testimony the respondent described himself as a person who was indistinguishable from other members of the All India Sikh

A 75 306 564                    7                   August 30, 1999

vme

Student Federation and indistinguishable from other persons who
supported the Akali Dal (Mann) or who, indeed, were members of the
Akali Dal (Mann). In this respect, the respondent had very little
knowledge of events. Indeed, his description of his activities
on behalf of the Akali Dal (Mann) or the All India Sikh Student
Federation approached the ~~fantastic~~ *primitive.* In fact, it is very hard
to see what the respondent's activities for these organizations
were on a consistent basis after the year 1989 when he apparently
participated in the only election in which he ever voted in
India. The fact that the respondent voted in only 1989 is itself
somewhat unusual since there do appear to have been elections
post-1989 in Punjab state. It also appears ~~if~~ quite unusual that
the respondent who was supposedly so active politically and so
highly regarded by the Akali Dal (Mann) would not participate in
elections in which candidates were fielded by the Akali Dal (Mann).

     The Court does note that the respondent did present
some photographs which appear in Exhibit 2 in this case. Three
of these photographs purportedly represent the respondent
together with Mr. Simranjit Singh Mann, the president of the
Akali Dal Mann. First of all, the identity of Mr. Simranjit
Singh Mann has not been established in these photographs other
than by the respondent's testimony. The Court has no comparison
photographs of Mr. Simranjit Singh Mann at its disposal.
However, the proximity of the respondent to Mr. Simranjit Singh

A 75 306 564                    8                    August 30, 1999

vme

Mann is not very meaningful to the Court inasmuch as the
respondent cannot say how many persons had their photographs
taken with Mr. Simranjit Singh Mann on this very day on which his
photograph was taken.   There is nothing to indicate that these
photographs might not be simply souvenir photographs rather than
photographs that would represent the respondent's closeness to
Mr. Simranjit Singh Mann or to the Akali Dal (Mann) itself.

        There are no theories brought forward in this case in
the respondent's testimony or otherwise as to why in any event
the respondent should be so close to Mr. Simranjit Singh Mann as
to have his photograph specially taken with him or so as to be
able to telephone him directly from the United States to obtain
this somewhat unusual letter which is Exhibit 4.   The Court notes
that the respondent did testify that his father may have been
killed in police custody in the year 1994.   It is conceivable
that he came to the attention of Mr. Simranjit Singh Mann, if
indeed, his father was killed in the manner in which he says he
was.   However, this was certainly not a theory or evidence
presented to the Court and, in fact, the Court is just engaging
in pure speculation in this respect.   The Court might also note
as to the death of the respondent's father that no death
certificate has been presented that might indicate, at least,
whether the respondent's father is, in fact, deceased or living
in India in the respondent's hometown or home village.

        The Court also notes the respondent's unusual

vme

testimony, in the Court's view, regarding the role that Mr.
Harkrishan Singh Sandhu might have played in his life.  Mr. Singh
Sandhu is a practicing lawyer and prepared, allegedly, one of the
affidavits that appear in Exhibit 5.  Mr. Singh Sandhu was the
family lawyer.  The respondent here testified at first on direct
examination that Mr. Singh Sandhu had no connection legally or
otherwise with his three arrests that occurred in India.  Of
course, Mr. Singh Sandhu's letter does suggest, at least family
consultations with him regarding the problems that the family was
suffering as a result of police harassment.  But, additionally,
the respondent on cross-examination changed his testimony to
indicate that Mr. Singh Sandhu had indeed had some role in
securing his release from police custody or in working with the
police or working legally for the respondent in connection with
these arrests.

        The Court last notes that the respondent states that he was arrested
the second time together with a companion, Mr. Kashmir Singh, who
was traveling with the respondent back from a rally in the city
of Amritsar.  Yet the respondent has no information to provide
the Court regarding his political colleague, Mr. Kashmir Singh.
And the Court further notes that Mr. Kashmir Singh was a native
of the same village or town of which the respondent was a
resident.  One thing was apparent from the respondent's testimony
regarding Mr. Kashmir Singh, and that is that Mr. Kashmir Singh
is, in fact, in India at this time.

A 75 306 564                    10              August 30, 1999

vme

For the foregoing reasons, the Court finds this application to be incredible and the application will, accordingly, be denied.

If the application for asylum must be denied on the grounds of incredibility then it certainly follows that the application for restriction on removal under Section 241(b)(3) of the Act must be denied on exactly the same grounds.

The following is the order of the Court:

ORDER

IT IS ORDERED that the application of Satinderpal Singh, also known as Vijay Kumar, also known as Prem Singh, for asylum in the United States and for restriction on removal to India under Sections 208 and 241(b)(3) of the Immigration and Nationality Act, respectively, should be and hereby are denied.

IT IS FURTHER ORDERED that Satinderpal Singh, also known as Vijay Kumar, also known as Prem Singh, be removed from the United States to India which is his country of citizenship and nationality.

LAWRENCE N. DICOSTANZO
Immigration Judge

Received
Department of Justice
DEC 27 1999
Executive Office for Immigration Review
Immigration Court
San Francisco, California

A 75 306 564                                    August 30, 1999

# EXHIBIT C



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Alison Dixon, Esq.
391 Sutter Street
Suite 808
San Francisco, CA 94108-0000

**Office of the District Counsel/SF**
**P.O. Box 26449**
**San Francisco, CA 94126-6449**

Name: SINGH, SATINDERPAL                          A75-306-564

Date of this notice: 03/05/2003

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
      HOLMES, DAVID B.

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

======================================================================

File:    A75-306-564 - SAN FRANCISCO                          Date:

In re:  SINGH, SATINDERPAL                                    MAR 05 2003

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Alison Dixon, Esq.

ON BEHALF OF SERVICE:  James B. Gildea, Esq.

ORDER:

   PER CURIAM.  The Board affirms, without opinion, the results of the decision below.  The decision below is, therefore, the final agency determination.  *See* 8 C.F.R. § 1003.1(e)(4).

**FOR THE BOARD**

# EXHIBIT D

**FILED**

**NOT FOR PUBLICATION**

APR 13 2005

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SATINDERPAL SINGH,

Petitioner,

v.

ALBERTO GONZALES[*], Attorney General,

Respondent.

No. 03-71461

Agency No. A75-306-564

MEMORANDUM[**]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2005[***]

Before:    KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

Satinderpal Singh, a native and citizen of India, petitions for review of the

decision of the Board of Immigration Appeals ("BIA") summarily affirming an

---

[*]    Alberto Gonzales is substituted for his predecessor, John Ashcroft, as
Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and may not be cited to
or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[***]    The panel unanimously finds this case suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination, based on inconsistencies regarding Singh's alleged arrests and his involvement in Sikh politics. *See Singh v. Ashcroft*, 367 F.3d 1139, 1134 (9th Cir. 2004); *Singh-Kaur v. INS*, 183 F.3d 1147, 1151-52 (9th Cir. 1999). The record does not compel the opposite result. *See Elias-Zacarias*, 502 U.S. at 483-84.

Because Singh did not testify credibly, he did not establish eligibility for asylum. *See Mejia-Paiz v. INS*, 111 F.3d 720, 723 (9th Cir. 1997). It follows that he failed to establish eligibility for withholding of removal. *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

We do not consider Singh's Convention Against Torture claim because he failed to exhaust this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

2

# EXHIBIT E

UNITED ST    ES DEPARTMENT OF HOME    ND SECURITY

Immigration and Customs Enforcement
630 Sansome Street
San Francisco, California 94111

File No.    A75 306 564
                     D-24
Date:    September 19, 2005

Satinderpal SINGH
39564 Trinity Way, #B
Fremont, CA 94538

# FAILED TO APPEAR
D41 CPN                    10-12-05

**OFFICER, DDP**                    **DATE**

As you know, following a hearing in your case you were found removable and the hearing officer has entered an order of removal.  A review of your file indicates there is no administrative relief which may be extended to you, and it is now incumbent upon this Service to enforce your departure from the United States.

Arrangements have been made for your departure to _____ India _____ on
                                                                                              (country)

_October 12, 2005 - Wednesday_ from _____ San Francisco, California _____ on the
                (date)                                                          (port of departure)

Transportation to be provided by the Government
(name of vessel, airline, or other transportation)

You should report to a United States Immigration Officer at Room _548(5th Floor)Window A_
                                                                                                                          (No.)

_630 Sansome Street, San Francisco, California  94111_ at _9:30 a.m. on October 12, 2005_
                          (address)                                                                (hour and date)

completely ready for deportation.  At the time of your departure from _San Francisco, California_
                                                                                                                (place of surrender)

you will be limited to _____ see attachment _____ pounds of baggage.

Should you have personal effects in excess of this amount, you must immediately contact

_Deportation Officer_ at _____ (415) 844-5531 _____ , or call in person at the
        (name of officer)                            (phone no. and ext.)

address noted above, and appropriate disposition of your excess baggage will be discussed with you.

Very truly yours,

Nancy Alcantar
Field Office Director

cc: File

atty:  Anthomy Nwosu

Form I-166
(Rev. 4-1-69)

# EXHIBIT F



e of Detention and Removal Operations

**U.S. Department of Homeland Security**
630 Sansome St., 5th Floor
San Francisco, CA 94111

## U.S. Immigration and Customs Enforcement

August 27, 2007

Consulate General of India
Attn: Vice Consul Machingal
540 Arguello Blvd.
San Francisco, CA 94118

Re:  **Satinderpal SINGH, A75 306 564**

Dear Vice Consul Machingal:

The above subject, a native and citizen of India, is currently in the custody of U.S. Immigration and Customs Enforcement pursuant to a final order of removal.  It is now incumbent upon this office to effect his removal from the United States.  As such, it is respectfully requested that a travel document be issued to allow his return to India.

Enclosed, you find a photocopy of Mr. Singh's Notarized Birth certificate.

To reduce detention time and costs, your expeditious handling of this request would be greatly appreciated. If we may be of any assistance in this matter of mutual interest, please do not hesitate to contact Deportation Officer Walters at (415) 844-5558 or, Supervisory Deportation and Detention Officer Grinberg, at (415) 844-5516.

Sincerely,

Anthony M. Aiello
Assistant Field Office Director

Enclosures



Affix 2" x 2"
photo here.
Lost passport
applicants should
supply seven (7)
photos.

## Consulate General of India
## San Francisco
### Personal Particulars Proforma
(Submit 7 copies for issue of duplicate passport in lieu of lost passport
and 3 copies by applicants for Police Clearance Certificate )

1. Name ___Satinderpal    Singh_____
   (First, Middle, Last)

2. Aliases, if any _____ _____

3. Name of Father/Husband ___NARANJAN SINGH_____

4. Date and place of birth __05__ / __10__ / __1960__ / __Punjab, INDIA__
   Day    Month    Year    Place

5. Nationality ___INDIAN_____

6. Occupation ___TAXI Driver_____

7. Present address ___8445 STEVENSON Blvd   Apt 13__
   ___Fremont, CA   94535__

8. Permanent address in India ___Coughman Road AJNALA, Amrtsar Punjab__
   _____

9. Details of lost passport Number _____

   Date of issue (dd/mm/yyyy)_____/_____/_____ Place of issue _____

10. Exact date of loss of passport (dd/mm/yyyy) _____/_____/_____

11. Exact date of lodging loss report with the local police (dd/mm/yyyy) _____/_____/_____

12. Exact date from which the applicant has been residing abroad (dd/mm/yyyy)_____/_____/_____

Signature of Applicant ___Satinder Singh_____ Date _7_/_12_/_07_

| FOR OFFICIAL USE |
|---|

13. Whether loss of passport circular has been found by the concerned PIA.

Affidavit to be submitted by all Indian nationals applying for Emergency Certificate or (travel document) for travel back to India

I, (name) _SATINDER PAL SINGH_ S/o _NARANJAN SINGH_ hereby solemnly affirm and state that:

- ❑ I was born on (date) _5/16/60_ at (name of village, address) _____

- ❑ I traveled to USA on my passport No. _No_ issued at (name of passport office) _No_ dated _No_ valid upto _____

- ❑ I had applied for grant of political asylum in USA

- ❑ I did not apply for political asylum in USA

- ❑ My application for political asylum was rejected

- ❑ My application for political asylum has been accepted

- ❑ I am applying to Consulate General of India, San Francisco for issue of an EC / travel document (give reasons _Return Home_ _____

- 🞮 I solemnly affirm that I owe allegiance to the sovereignty and integrity of India.

I confirm that the above information is true to best of my knowledge and belief.

(delete items not applicable and sign)

Signature

Name _Satinder Singh_

Date _4/ /2009_

Place _San Francisco_

A No. _A75 306 564_

# APPLICATION FOR INDIAN PASSPORT

☐ 1. **FOR A NEW PASSPORT (AFTER TEN YEAR (FINAL))**

☐ 2. **DUPLICATE PASSPORT IN LIEU OF LOST, STOLEN OR DAMAGED PASSPORT**

☐ 3. **ADDITIONAL PAGES**

☐ 4. **CHANGE OF NAME/SURNAME**

☒ 5. **EMERGENCY TRAVEL DOCUMENT**

☐ 6. **CHANGE IN APPEARANCE**

**CONSULATE GENERAL OF INDIA**
Consular Wing
540 Arguello Blvd.
San Francisco, CA 94118
Tel: (415) 668-0662/0683
Fax: (415) 668-9764
http://www.CGISF.ORG

PASTE A
PHOTO
HERE

**Note: This application can be used at the Embassy of India, Washington, DC or at any other Consulate General of India**
**(PERSONAL CHECKS/CREDIT CARDS ARE NOT ACCEPTED)**
*(Fill in using Block Letters with Blue/Black Ink Only)*

| | |
|---|---|
| 1. (a) FULL NAME *(Expanded initials)* ~~~~ SATINDERPAL SINGH <br> *(Given name)* *(Surname)* | (b) ALIASES, *if any* |
| (c) HAVE YOU EVER CHANGED YOUR NAME? <br> Yes ___ No **X** <br> If yes, please write your name in full _____ | (d) MAIDEN NAME, *in case applicant is a married woman* |

| | | | |
|---|---|---|---|
| 2. PLACE OF BIRTH PUNJAB | 3. COUNTRY OF BIRTH INDIA | | 4. DATE OF BIRTH  05  10  1960 <br> (DD) / (MM) / (YYYY) |
| 5. SEX M | 6. COLOR OF EYES BROWN | 7. COLOR OF HAIR BLACK | 8. HEIGHT 5' 10'' |
| 9. VISIBLE DISTINGUISHING MARKS, *if any* NO | | | 10. MARITAL STATUS |

11. PROFESSION  TAXI

| 12. BUSINESS/OFFICE ADDRESS: <br> NATIONAL CAB, UNION CITY, CA | WORK TEL NO. |
|---|---|

| 13. (a) FULL NAME OF FATHER <br> NARANJAN SINGH | NATIONALITY INDIAN | COUNTRY OF HIS BIRTH INDIA |
|---|---|---|
| (b) FULL NAME OF MOTHER <br> PARHAM KAUR | NATIONALITY INDIAN | COUNTRY OF HER BIRTH INDIA |
| (c) NATIONALITY OF FATHER AT THE TIME OF APPLICANT'S BIRTH <br> INDIAN | (d) NATIONALITY OF MOTHER AT THE TIME OF APPLICANT'S BIRTH INDIAN | |

| 14. FULL NAME OF HUSBAND | NATIONALITY | HOME TEL. NO. |
|---|---|---|
| 15. FULL NAME OF WIFE GURPINDER | NATIONALITY INDIA | CELL NO. (510) 552-8645 |

| 16. WHEN DID APPLICANT FIRST LEAVE INDIA? 1997 | 17. WHEN WAS HE/SHE IN INDIA LAST? 1997 | 18. HOW LONG HAS APPLICANT CONTINUOUSLY RESIDED ABROAD? 10 years |
|---|---|---|

19. PRESENT IMMIGRATION STATUS
*ECR / ENCR** NONE ____ *(Please attach documentary evidence, such as copy of degree/green card)*
*Emigration clearance required    **Emigration clearance not required
(b) EDUCATIONAL QUALIFICATION *(in order to determine emigration status)*

| 20. PERMANENT ADDRESS IN INDIA <br> COUGHWAN ROAD AJNALA, AMRTSAR, PUNJAB | TEL. NO. NONE |
|---|---|

| 21. (a) PERMANENT ADDRESS IN USA *(attach proof of residence)* <br> NONE | TEL. NO. <br> Home <br> Work |
|---|---|

(b) ALIEN REGISTRATION CARD (GREEN CARD), EMPLOYMENT AUTHORIZATION CARD NUMBER
_____ *(Please attach a photocopy)*

22. (a) NAME OF APPLICANT'S ELDEST SON OR DAUGHTER *(First child)*
KOMAL DEEP KAUR
(b) NAME OF APPLICANT'S ELDEST BROTHER OR SISTER

23. ARE YOU A CITIZEN OF INDIA BY
**X** _____ Birth    _____ Descent    _____ Naturalization    _____ Registration?

24. DID YOU EVER POSSESS ANY OTHER NATIONALITY OR TRAVEL DOCUMENT OF ANY OTHER COUNTRY? *If so, please give details*
*NO*

25. IS THIS APPLICATION FOR A PASSPORT FOR THE
**X** First time, or,    _____ New passport in replacement of an expired passport, or,    _____ Duplicate passport?

26. IF THIS APPLICATION IS FOR A DUPLICATE PASSPORT, WAS THE PREVIOUS PASSPORT LOST OR DAMAGED? *(if damaged, please attach damaged passport)*

27. PRESENT PASSPORT NO.                                    OR DAMAGED OR LOST PASSPORT NO.

Date of Issue_____    Place of Issue _____    Date of Expiry _____
**(THESE DETAILS MUST BE PROVIDED OTHERWISE APPLICATION WILL REMAIN UNPROCESSED)**

28. WERE YOU EVER REFUSED A PASSPORT?                    WAS YOUR PASSPORT EVER ORDERED TO BE IMPOUNDED OR REVOKED?
_____ Yes    _____ No                                    _____ Yes    _____ No
If answer to any of these questions is "YES", please enclose a copy of the official communication received by you and give other details

29. LOCAL DRIVER'S LICENSE NUMBER OR ANY OTHER IDENTIFICATION *(Please attach a photocopy)*
Date of issue _____    Place of issue *CALIForNIA # 68600638*

30. IS APPLICANT IN
_____ Govt. service    _____ public undertaking service    _____ statutory bodies service of India?
If so, please give details and enclose "No Objection Certificate" from your employer in original.

31. (a) ARE ANY CRIMINAL PROCEEDINGS PENDING AGAINST APPLICANT IN ANY COURT IN INDIA? *If so, please give details.*
*NO*
(b) HAS APPLICANT EVER BEEN REPATRIATED FROM ABROAD TO INDIA AT THE EXPENSE OF GOVT. OF INDIA? *If so, please give details*
*NO*

32. (a) BRIEFLY STATE CIRCUMSTANCES OF LOSS/THEFT/DAMAGE OF PASSPORT AND ATTACH REPORT LODGED WITH THE LOCAL POLICE
IN CASE OF LOSS OF PASSPORT. *(Please attach your explanation on a separate sheet of paper)*    *First Passport*
(b) DETAILS OF RESTRICTION, IF ANY, PUT ON APPLICANT'S DAMAGED/LOST PASSPORT
*NONE*
(c) DID APPLICANT AVAIL OF TRANSFER OF RESIDENCE, FOREIGN TRAVEL SCHEME FACILITY ON LOST/DAMAGED PASSPORT?
*If so, please give details.*

33. MODE OF PAYMENT:
Cash [ ]  /Money order [ ] / Certified check [ ]    #_____ ; Amount US $ _____
**CASH IS ACCEPTED ONLY AT THE COUNTER**

34. DECLARATION:
*I solemnly affirm that*
(i) I owe allegiance to the sovereignty and integrity of India, and
(ii) Information given above in respect of myself, my son/daughter/ward is correct and nothing has been concealed and I am aware that it is an offense under the Passport Act 1967 to knowingly furnish false information or suppress material information, which attract penal and other punishments under the acts.
(iii) I undertake to be entirely responsible for expenses of my son/daughter/ward.
(iv) I have not lost, surrendered or been deprived of my citizenship of India. I have not voluntarily acquired the citizenship of another country.
(v) The information furnished by me in this form is correct.
(vi) I have neither applied for, nor been granted asylum.
(vii) I have read the passport guidelines, fees and mailing information carefully.

*Satinder Singh*
(Signature or thumb impression of applicant or his/her legal guardian/parent)
(Left thumb impression of male and right thumb impression of female)

Place: *San Francisco, CA*

Date: *7/17/07*

**TWO SPECIMEN SIGNATURES OF APPLICANT ONLY** *(Thumb impressions, in case of an infant)*

| *Satinder Singh* | *Satinder Singh* |

**APPLICATION WILL REMAIN UNPROCESSED WITHOUT APPLICANT'S SPECIMEN SIGNATURES**



(186)

# ਜਨਮ ਦਾ ਸਰਟੀਫਿਕੇਟ

ਦੀ ਰਜਿਸਟਰਾਰ (ਜਨਮ ਅਤੇ ਮੌਤ)
..........., .........।

ਮਿਤੀ ਪੜਤ ਈ : ੧੯੬੦
ਮਿਲਾਨ ਰਾ .......... ........./) (......
ਤਸ ਰਾਹੀਂਦਰਦੂ ਹੋ੍ਰਹਮਰ੍ਰੀਰ ੩/।

ਨਾਮ ਅਜਾਇਬ — ......... ਅਮ੍ਰਤਾਰਾ —
ਲਿਆ ਅਮ੍ਰਿਤਸਰ ..........
ਸਤਿੰਦਰ ਪਾਲ Pain ......... ....... ੧੫ —
ਜਨਮ ਸਮਰਾ ........... ਪਟਾਰਾ
ਜਨਮ ਦੀ ਮਿਤੀ ੧੦-੫-੧੯੬੦ ...... ਰਜਿਸਟਰ ਦੀ ਮਿਤੀ ੧੭-੫-੧੯੬੦ —
ਅਮ੍ਰਤਾਰਾ —
ਪਵਨਾਮ ਦੇਵੀ —
ਸਤਿੰਦਰ ਪਾਲ ..... ਅਜਾ .Pain —
੧੮੬ ਸੋਹਤਾ —
ਭੇ ਅਮ੍ਰਤਾਰਾ —

ਹਸਤਾਖਰ
ਸਿੰਦਰ ਕੁਮਾਰ

U.S. DEPARTMENT OF HOMELAND SECURITY
Immigration and Customs Enforcement

**Warrant of Removal/Deportation**

File No:   A75 306 564

Date:   September 19, 2005

**To any officer of the United States Immigration and Customs Enforcement:**

**SINGH, Satinderpal**
(Full name of alien)

who entered the United States at ___San Ysidro, California___ on ___January 16, 1997___
(Place of entry)                                     (Date of Entry)

is subject to removal/deportation from the United States, based upon a final order by:

☐ an immigration judge in exclusion, deportation, or removal proceedings
☐ a district director or a district director's designated official
☒ the Board of Immigration Appeals
☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

Section 212(a)(6)(A)(i)

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:  the appropriation, "Salaries and Expenses, Immigration and Naturalization Service."

_____
(Signature of INS official)

Nancy Alcantar, Field Office Director
(Title of INS official)

June 8, 2005 San Francisco, California
(Date and office location)

Form I-205 (Rev. 4-1-97) N

U.S. Department of Homeland Security

Immigration and Customs Enforcement

# Warning to Alien Ordered Removed or Deported

File No.:  A75 306 564

Date:  September 19, 2005

Alien's full name:   SINGH, Ssatinderpal

In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), you are prohibited from entering, attempting to enter, or being in the United States:

☒ For a period of 5 years from the date of your departure from the United States because you have been found inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

☐ For a period of 10 years from the date of your departure from the United States because you have been found:
   ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

   ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

   ☐ deportable under section 237 of the Act and ordered removed from the United States in accordance with section 238 of the Act, by an immigration officer, a judge of a United States district court, or a magistrate of a United States magistrate court.

☐ For a period of 20 years from the date of your departure from the United States because, after having been previously excluded, deported, or removed from the United States, you have been found:
   ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

   ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

   ☐ deportable under section 237 of the Act and ordered removed from the United States in proceedings under section 238 of the Act.

   ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

☐ At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony.

After your removal has been effected you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated.  You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or office of the United States Immigration and Naturalization Service. Refer to the above file number when requesting forms or information.

---

WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States during the period in which he or she is barred from so doing without the Attorney General's consent.  Any alien who violates this section of the law is subject to prosecution for a felony.  Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.

---

| (Signature of office serving warning) | Field Office Director | San Francisco, California |
| | (Title of officer) | (Location of INS office) |

Form I-294 (4-1-97) N

Executive Office for Immigration Review
550 Kearny Street, Suite 800
San Francisco, California 94108

File: _____

In the Matter of

_____ In Removal Proceedings

Respondent: _____

## MEMORANDUM OF ORAL DECISION

This is a summary of the oral decision entered on _____. This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[X] The respondent was ordered removed from the United States to __India__

____ Respondent's application for voluntary departure was denied and respondent was ordered removed to _____ or in the alternative to _____

____ Respondent's application for voluntary departure was granted until _____ upon posting a bond in the amount of $_____ with an alternative order of removal to _____

[X] Respondent's application for withholding of removal was ( ) granted (X) denied ( ) withdrawn ( ) other.

____ Respondent's application for cancellation of removal under Section 240A(a) was ( ) granted ( ) denied ( ) withdrawn ( ) other.

____ Respondent's application for cancellation of removal under Section 240A(b) was ( ) granted ( ) denied ( ) withdrawn ( ) other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

____ Respondent's application for a waiver under section _____ of the INA was ( ) granted ( ) denied ( ) withdrawn ( ) other.

____ Respondent's application for adjustment of status under section _____ of the INA was ( ) granted ( ) denied ( ) withdrawn ( ) other. If granted, it was ordered that respondent be issued all appropriate documents necessary to give effect to this order.

____ Respondent's status was rescinded under section 246 of the INA.

____ Respondent is admitted to the United States as a _____ until _____

____ As a condition of admission, respondent is to post a $_____ bond.

____ Respondent knowingly filed a frivolous asylum application after proper notice.

____ Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

____ Proceedings were terminated.

[X] The Service Respondent has/have waived appeal.

[X] The Service Respondent has/have reserved appeal which must be filed by __September 29, 1999.__

other: _____

_____
Lawrence N. DiCostanzo
Immigration Judge

## CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL [ ]  PERSONAL SERVICE [X]
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [X] ALIEN'S ATTY/REP [X] INS
DATE: _____ BY: COURT STAFF _____
Attachments [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

---

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No:   A75 306 564

In Matter of:

Respondent:   SINGH, SATINDERPAL               currently residing at:

39564 TRINITY WY  APT B  FREMONT, CA 94538-0000       000-000-0000
<div style="text-align:center">(Number, street, city, state, and ZIP code)        ( Area code and phone number)</div>

☐ 1. You are an arriving alien.

☒ 2. You are an alien present in the United States who has not been admitted or paroled.

☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
1) You are not a citizen or national of the United States;
2) You are a native of INDIA and a citizen of INDIA;
3) You entered the United States at or near SAN YSIDRO, CA on or about January 16, 1997;
4) You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis  of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
Section 212 (a) (6) (A)(i) of the Immigration and Nationality Act (Act), as amended, as an alien present in the United States without being admitted or paroled, or who has arrived in the United States at any time or place other than designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
550 KEARNY STREET,   SUITE #800, SAN FRANCISCO, CA 94108-0000
<div style="text-align:center">(Complete Address of Immigration Court, Including Room Number, if any)</div>

on **15 MAY 1998**  at  1:00 p.m.   to show why you should not be removed from the United States based on the
<div style="text-align:center">(Date)       (Time)</div>
charge(s) set forth above.

_____
(Signature and Title of Issuing Officer)

Date: _____               SAN FRANCISCO, CA
<div style="text-align:center">(City and State)</div>

## See reverse for important information

Form I-862(Rev. 4-1-97)

# Notice to Respondent

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before:

_____          Date: _____
(Signature and Title of INS Officer)

---

## Certificate of Service

This Notice to Appear was served on the respondent by me on ___DEC 15 1997___, in the following manner and in compliance with section 239(a)(1)(F) of the Act:

☐ in person          ☐ by certified mail, return receipt requested          ☐ by regular mail

☒ Attached is a list of organizations and attorneys which provide free legal services.

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____          _____
(Signature of Respondent if Personally Served)          (Signature and Title of Officer)



Please fold or cut in half
## DO NOT PHOTOCOPY
Using a photocopy could delay the delivery of your package and will result in additional shipping charge

For Tracking, please go to www.dhl-usa.com or call 1-800-225-5345
Thank you for shipping with DHL

**Create new shipment** ▶    ▶ View pending shipments    **Print waybill** ▶

EXHIBIT G



ce of Detention and Removal Operations

**U.S. Department of Homeland Security**
630 Sansome St., 5th Floor
San Francisco, CA 94111

U.S. Immigration
and Customs
Enforcement

August 27, 2007

Embassy of India
Attn: Mr. R.K. Chhibber, Consular Section
2107 Massachusetts Avenue, N.W.
Washington, D.C. 20008

Re: **Santinderpal SINGH, A75 306 564**

Dear Mr. Chhibber:

The above subject, a native and citizen of India, is currently in the custody of U.S. Immigration and Customs Enforcement pursuant to a final order of removal. It is now incumbent upon this office to effect his removal from the United States. As such, it is respectfully requested that a travel document be issued to allow his return to India.

Enclosed, you find a photocopy of Mr. Singh's Notarized Birth certificate

To reduce detention time and costs, your expeditious handling of this request would be greatly appreciated. If we may be of any assistance in this matter of mutual interest, please do not hesitate to contact Deportation Officer Walters at (415) 844-5558 or, Supervisory Deportation and Detention Officer Grinberg, at (415) 844-5516.

Sincerely,

Anthony M. Aiello
Assistant Field Office Director

Enclosures

| DATE PREPARED 07/12/07 | **INFORMATION FOR TRAVEL DOCUMENT OR PASSPORT** | Event No: SFR0703001141 |
|---|---|---|

| 1. NAME | FILE **A** 075 306 564 |
|---|---|

Sadinder SINGH

| 3. OTHER NAMES USED OR KNOWN BY | 2. SEX M |
|---|---|
| | 4. CITIZENSHIP INDIA |

| 5. DATE OF BIRTH 05/19/1960 | 6. PLACE OF BIRTH PUNJAB  OTHER  INDIA |
|---|---|

| 7. HEIGHT 70 | WEIGHT 195 | EYES BRO | HAIR BLK | COMPLEXION MED | MARKS OR SCARS None Indicated |
|---|---|---|---|---|---|

| 8. NEAREST LARGE CITY TO PLACE OF BIRTH | 9. DISTANCE AND DIRECTION OF PLACE OF BIRTH FROM THIS LARGE CITY |
|---|---|

10. IF CITIZENSHIP IS DIFFERENT FROM COUNTRY OF BIRTH, EXPLAIN. IF NATURALIZED IN ANY COUNTRY, SHOW DATE AND PLACE OF NATURALIZATION, CERTIFICATE NUMBER, AND STATE HOW CITIZENSHIP WAS ACQUIRED.
Not Applicable

| 11. NAMES: LOCATIONS AND DATES (YEARS) OF ATTENDANCE OF FOREIGN SCHOOLS | 12. NAMES, EXACT LOCATIONS AND DATES (YEARS) OF ATTENDANCE OF FOREIGN CHURCHES. INCLUDE DATE AND NATURE OF ANY RELIGIOUS CEREMONY WHICH MAY HAVE BEEN RECORDED. |
|---|---|
| Not Applicable | Not Applicable |

13. LAST PERMANENT RESIDENCE IN COUNTRY OF CITIZENSHIP   *(Show dates of residence)*

14. ADDRESS IN COUNTRY OF LAST FOREIGN RESIDENCE   *(Show dates of residence, and immigration status there)*

| 15. PLACE OF ENTRY INTO UNITED STATES SAN YSIDRO, CALIFORNIA | DATE OF ENTRY INTO UNITED STATES 1997 |
|---|---|

16. LIST DATE AND PLACE OF ISSUANCE AND NUMBER OF PASSPORT, BIRTH CERTIFICATE, BAPTISMAL CERTIFICATE OR DOCUMENT OF IDENTITY. SPECIFY DATES OF MILITARY SERVICE, COUNTRY AND UNIT, RANK, SERIAL NUMBER, AND PLACES OF INDUCTION AND DISCHARGE.

17. IN POSSESSION OF TRAVEL DOCUMENT OR PASSPORT AT TIME OF ENTRY: ☐ YES ☐ NO. DESCRIBE DOCUMENT (S). IF SUBJECT DID NOT HAVE TRAVEL DOCUMENT OR PASSPORT AT TIME OF ENTRY, OR DOES NOT HAVE SUCH A DOCUMENT NOW, INDICATE WHETHER EVER OBTAINED ONE: ☐ YES ☐ NO. STATE HOW, WHEN, AND WHERE IT WAS OBTAINED: WHAT KIND OF DOCUMENT IT WAS, AND WHAT BECAME OF IT.
Not Applicable

| 18. FATHER'S NAME Naranjan SINGH | DATE OF BIRTH / / | PLACE OF BIRTH |
|---|---|---|
| PRESENT ADDRESS DECEASED | | |

| 19. MOTHER'S MAIDEN NAME Pernam KAUR | DATE OF BIRTH / / | PLACE OF BIRTH |
|---|---|---|
| PRESENT ADDRESS UNITED STATES | | |

20. NAME, RELATIONSHIP, AND ADDRESSES OF RELATIVES ABROAD
Not Applicable

21. PREVIOUSLY ☐ EXCLUDED ☐ DEPORTED ☐ REQUIRED TO DEPART FROM THE UNITED STATES
ON _____ *(Date)* VIA _____ *(Port)* TO _____ *(Country)*

22. INDICATE WHETHER EVER ARRESTED, IN PRISON OR A PUBLIC INSTITUTION IN THE COUNTRY OF WHICH A NATIONAL, SUBJECT OR CITIZEN: ☐ YES ☐ NO. IF SO, GIVE DATES AND PLACES
Not Applicable

23. NAME, NATIONALITY AND PRESENT ADDRESS OF SPOUSE, AND DATE AND PLACE OF MARRIAGE
See I-831

24. NAMES, AGES, AND ADDRESSES OF ALL CHILDREN

25. IF NONCANADIAN DEPORTABLE TO CANADA, GIVE DATE AND PORT OF ARRIVAL IN CANADA, AND NAME OF VESSEL
Not Applicable

Form I-217 (Rev. 3-30-77)Y  UNITED STATES DEPARTMENT OF JUSTICE Immigration and Naturalization Service

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form _I217_

| Alien's Name | File Number | Date |
|---|---|---|
| Sadinder SINGH | 075 306 564<br>Event No: SFR0703001141 | 07/12/07 |

```
23. SPOUSE INFORMATION (continued...)
---------------------------------------
Gurpinder KAUR;INDIA;
 UNITED STATES ;
(Date/Place of Marriage):   /  /  ;
```

| Signature | Title |
|---|---|
|  |  |

Form I-831 Continuation Page (Rev. 6/12/92)



Affix 2" x 2" photo here. Lost passport applicants should supply seven (7) photos.

# Consulate General of India
## San Francisco
### Personal Particulars Proforma

(Submit 7 copies for issue of duplicate passport in lieu of lost passport
and 3 copies by applicants for Police Clearance Certificate )

1. Name ___Satinderpal    SINGH___
   (First, Middle, Last)

2. Aliases, if any _____

3. Name of Father/Husband ___NARANSAN SINGH___

4. Date and place of birth ___05___ / ___10___ / ___1960___ ___PUNJAB, INDIA___
   Day        Month        Year        Place

5. Nationality ___INDIAN___

6. Occupation ___TAXI Driver___

7. Present address ___8445 STEVENSON Blvd Apt 13___
   ___Fremont, CA    94535___

8. Permanent address in India ___Coughman Road AJNALA, Amrtsar, Punjab___

9. Details of lost passport Number _____

   Date of issue (dd/mm/yyyy) _____/_____/_____ Place of issue _____

10. Exact date of loss of passport (dd/mm/yyyy) _____/_____/_____

11. Exact date of lodging loss report with the local police (dd/mm/yyyy) _____/_____/_____

12. Exact date from which the applicant has been residing abroad (dd/mm/yyyy) _____/_____/_____

Signature of Applicant ___Satinder Singh___ Date ___7/12/07___

## FOR OFFICIAL USE

13. Whether loss of passport circular has been found by the concerned PIA.

Affidavit to be submitted by all Indian nationals applying for Emergency
Certificate or (travel document) for travel back to India

I, (name) _SATINDER PAL SINGH_ S/o _NARHNJAN SINGH_
hereby solemnly affirm and state that:

❑ I was born on (date) _5/10/60_ at (name of village, address)
_____

❑ I traveled to USA on my passport No. _NO_ issued at (name
of passport office) _NO_ dated _NO_ valid upto
_____

❑ I had applied for grant of political asylum in USA

❑ I did not apply for political asylum in USA

❑ My application for political asylum was rejected

❑ My application for political asylum has been accepted

❑ I am applying to Consulate General of India, San Francisco for issue
of an EC/travel document (give reasons
_Return Home_
_____

☒ I solemnly affirm that I owe allegiance to the sovereignty and
integrity of India.

I confirm that the above information is true to best of my knowledge and
belief.
(delete items not applicable and sign)

Signature
Name _Satinder Singh_
Date _4/__/2007_
Place _San Francisco_
A No. _A75 306 564_



# APPLICATION FOR INDIAN PASSPORT

☐ 1. FOR A NEW PASSPORT (AFTER TEN YEAR (FINAL))

☐ 2. DUPLICATE PASSPORT IN LIEU OF LOST, STOLEN OR DAMAGED PASSPORT

☐ 3. ADDITIONAL PAGES

☐ 4. CHANGE OF NAME/SURNAME

☒ 5. EMERGENCY TRAVEL DOCUMENT

☐ 6. CHANGE IN APPEARANCE

**CONSULATE GENERAL OF INDIA**
**Consular Wing**
540 Arguello Blvd.
San Francisco, CA 94118
Tel: (415) 668-0662/0683
Fax: (415) 668-9764
http://www.CGISF.ORG

PASTE A
PHOTO
HERE

**Note: This application can be used at the Embassy of India, Washington, DC or at any other Consulate General of India**
(PERSONAL CHECKS/CREDIT CARDS ARE NOT ACCEPTED)
(Fill in using Block Letters with Blue/Black Ink Only)

| 1. (a) FULL NAME (Expanded initials) | | (b) ALIASES, if any |
|---|---|---|
| ~~[struck]~~ SATINDERPAL (Given name) | SINGH (Surname) | |

(c) HAVE YOU EVER CHANGED YOUR NAME?
Yes ___ No X
If yes, please write your name in full _____

(d) MAIDEN NAME, in case applicant is a married woman

| 2. PLACE OF BIRTH PUNJAB | 3. COUNTRY OF BIRTH INDIA | 4. DATE OF BIRTH 05 10 1960 (DD) / (MM) / (YYYY) |
|---|---|---|
| 5. SEX M | 6. COLOR OF EYES BROWN | 7. COLOR OF HAIR BLACK | 8. HEIGHT 5' 10'' |

9. VISIBLE DISTINGUISHING MARKS, if any   NO
10. MARITAL STATUS

11. PROFESSION   TAXI

12. BUSINESS/OFFICE ADDRESS:   NATIONAL CAB, UNION CITY, CA
WORK TEL NO.

| 13. (a) FULL NAME OF FATHER NARANJAN SINGH | NATIONALITY INDIAN | COUNTRY OF HIS BIRTH INDIA |
|---|---|---|
| (b) FULL NAME OF MOTHER PARHAM KAUR | NATIONALITY INDIAN | COUNTRY OF HER BIRTH INDIA |
| (c) NATIONALITY OF FATHER AT THE TIME OF APPLICANT'S BIRTH INDIAN | (d) NATIONALITY OF MOTHER AT THE TIME OF APPLICANT'S BIRTH INDIAN | |

| 14. FULL NAME OF HUSBAND | NATIONALITY | HOME TEL. NO. |
|---|---|---|
| 15. FULL NAME OF WIFE GURPINDER | NATIONALITY INDIA | CELL NO. (510)552-8645 |

| 16. WHEN DID APPLICANT FIRST LEAVE INDIA? 1997 | 17. WHEN WAS HE/SHE IN INDIA LAST? 1997 | 18. HOW LONG HAS APPLICANT CONTINUOUSLY RESIDED ABROAD? 10 years |
|---|---|---|

19. PRESENT IMMIGRATION STATUS
*ECR / ENCR** NONE _____ (Please attach documentary evidence, such as copy of degree/green card)
*Emigration clearance required    **Emigration clearance not required
(b) EDUCATIONAL QUALIFICATION (in order to determine emigration status)

| 20. PERMANENT ADDRESS IN INDIA Coughman Road AJNALA, AMRTSAR, PUNJAB | TEL. NO. NONE |
|---|---|

| 21. (a) PERMANENT ADDRESS IN USA (attach proof of residence) NONE | TEL. NO. Home Work |
|---|---|

(b) ALIEN REGISTRATION CARD (GREEN CARD), EMPLOYMENT AUTHORIZATION CARD NUMBER
(Please attach a photocopy)

22. (a) NAME OF APPLICANT'S ELDEST SON OR DAUGHTER (First child)   KOMAL DEEP KAUR
(b) NAME OF APPLICANT'S ELDEST BROTHER OR SISTER

PAGE 1 OF 2

23. ARE YOU A CITIZEN OF INDIA BY

**X** Birth _____ Descent _____ Naturalization _____Registration?

24. DID YOU EVER POSSESS ANY OTHER NATIONALITY OR TRAVEL DOCUMENT OF ANY OTHER COUNTRY? *If so, please give details*

*NO*

25. IS THIS APPLICATION FOR A PASSPORT FOR THE

**X** First time, or, _____ New passport in replacement of an expired passport, or, _____ Duplicate passport?

26. IF THIS APPLICATION IS FOR A DUPLICATE PASSPORT, WAS THE PREVIOUS PASSPORT LOST OR DAMAGED? *(if damaged, please attach damaged passport)*

27. PRESENT PASSPORT NO. _____    OR DAMAGED OR LOST PASSPORT NO. _____

Date of Issue_____ Place of Issue _____ Date of Expiry _____

**(THESE DETAILS MUST BE PROVIDED OTHERWISE APPLICATION WILL REMAIN UNPROCESSED)**

28. WERE YOU EVER REFUSED A PASSPORT?    WAS YOUR PASSPORT EVER ORDERED TO BE IMPOUNDED OR REVOKED?

_____ Yes _____ No    _____ Yes _____ No

If answer to any of these questions is "YES", please enclose a copy of the official communication received by you and give other details

29. LOCAL DRIVER'S LICENSE NUMBER OR ANY OTHER IDENTIFICATION *(Please attach a photocopy)*

Date of issue _____ Place of issue *CALIFornia # B8666638*

30. IS APPLICANT IN

_____ Govt. service _____ public undertaking service _____ statutory bodies service of India?

If so, please give details and enclose "No Objection Certificate" from your employer in original.

31. (a) ARE ANY CRIMINAL PROCEEDINGS PENDING AGAINST APPLICANT IN ANY COURT IN INDIA? *If so, please give details.*

*NO*

(b) HAS APPLICANT EVER BEEN REPATRIATED FROM ABROAD TO INDIA AT THE EXPENSE OF GOVT. OF INDIA? *If so, please give details*

*NO*

32. (a) BRIEFLY STATE CIRCUMSTANCES OF LOSS/THEFT/DAMAGE OF PASSPORT AND ATTACH REPORT LODGED WITH THE LOCAL POLICE IN CASE OF LOSS OF PASSPORT. *(Please attach your explanation on a separate sheet of paper)* *First Passport*

(b) DETAILS OF RESTRICTION, IF ANY, PUT ON APPLICANT'S DAMAGED/LOST PASSPORT *NONE*

(c) DID APPLICANT AVAIL OF TRANSFER OF RESIDENCE, FOREIGN TRAVEL SCHEME FACILITY ON LOST/DAMAGED PASSPORT? *If so, please give details.*

33. MODE OF PAYMENT:

Cash ☐ /Money order ☐ / Certified check ☐  # _____ ; Amount US $ _____

*CASH IS ACCEPTED ONLY AT THE COUNTER*

## 34. DECLARATION:

*I solemnly affirm that*

(i) I owe allegiance to the sovereignty and integrity of India, and

(ii) Information given above in respect of myself, my son/daughter/ward is correct and nothing has been concealed and I am aware that it is an offense under the Passport Act 1967 to knowingly furnish false information or suppress material information, which attract penal and other punishments under the acts.

(iii) I undertake to be entirely responsible for expenses of my son/daughter/ward.

(iv) I have not lost, surrendered or been deprived of my citizenship of India. I have not voluntarily acquired the citizenship of another country.

(v) The information furnished by me in this form is correct.

(vi) I have neither applied for, nor been granted asylum.

(vii) I have read the passport guidelines, fees and mailing information carefully.

*Satinder Singh*

(Signature or thumb impression of applicant or his/her legal guardian/parent)
(Left thumb impression of male and right thumb impression of female)

Place: *San Francisco, CA*

Date: *7/17/07*

**TWO SPECIMEN SIGNATURES OF APPLICANT ONLY** *(Thumb impressions, in case of an infant)*

*Satinder Singh*    *Satinder Singh*

**APPLICATION WILL REMAIN UNPROCESSED WITHOUT APPLICANT'S SPECIMEN SIGNATURES**

ਜਨਮ ਦਾ ਸਰਟੀਫਿਕੇਟ

ਜੰਮ ਰਜਿਸਟਰਾਰ (ਨਗਰ ਖੇਤਰ ਜ਼ਿਲਾ)





(186)

ਰਜਿ. ਪਤਾ ਨੰ: 140

ਰਜਿਸਟਰ ਦਾ ਸਾ

ਜਨਮ

ਰਾਜਾਰਾ -

ਸੰਤੋਖਰਾਮ ਪੰਵਾਰ                    15 -

ਮੇਰਾ                      

10 - 5 - 1960                    17 - 5 - 1960 -

ਰਾਜਾਰਾ -

ਲਖਮਾ ਰੈ

ਜਿੰਦਰ ਪੰਵਾਰ                    ਅਨਾ ਸਿੰਘ -

186 ਚੌਗਾਵਾਂ

ਰੋੜੇ ਅਗਰਾਰ -

ਸਹਿਤ

ਜ਼ਿਲਾ ਦਾ ਜੰਮ

U.S. DEPARTMENT OF HOMELAND SECURITY

Immigration and Customs Enforcement

# Warrant of Removal/Deportation

File No:   A75 306 564

Date:   September 19, 2005

**To any officer of the United States Immigration and Customs Enforcement:**

**SINGH, Satinderpal**                                                                    ,
(Full name of alien)

who entered the United States at _____ San Ysidro, California _____ on _____ January 16, 1997 _____
(Place of entry)                                     (Date of Entry)

is subject to removal/deportation from the United States, based upon a final order by:

- ☐ an immigration judge in exclusion, deportation, or removal proceedings
- ☐ a district director or a district director's designated official
- ☒ the Board of Immigration Appeals
- ☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

Section 212(a)(6)(A)(i)

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:  the appropriation, "Salaries and Expenses, Immigration and Naturalization Service."

_____
(Signature of INS official)

Nancy Alcantar, Field Office Director
(Title of INS official)

June 8, 2005 San Francisco, California
(Date and office location)

Form I-205 (Rev. 4-1-97) N

U.S. Department of Homeland Security

Immigration and Customs Enforcement

# Warning to Alien Ordered Removed or Deported

File No.:  A75 306 564

Date:  September 19, 2005

Alien's full name:  SINGH, Ssatinderpal

In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), you are prohibited from entering, attempting to enter, or being in the United States:

☒ For a period of 5 years from the date of your departure from the United States because you have been found inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

☐ For a period of 10 years from the date of your departure from the United States because you have been found:
   ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

   ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 240 of the Act.

   ☐ deportable under section 237 of the Act and ordered removed from the United States in accordance with section 238 of the Act, by an immigration officer, a judge of a United States district court, or a magistrate of a United States magistrate court.

☐ For a period of 20 years from the date of your departure from the United States because, after having been previously excluded, deported, or removed from the United States, you have been found:

   ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

   ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

   ☐ deportable under section 237 of the Act and ordered removed from the United States in proceedings under section 238 of the Act.

   ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

☐ At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony.

After your removal has been effected you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or office of the United States Immigration and Naturalization Service. Refer to the above file number when requesting forms or information.

**WARNING:** Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States during the period in which he or she is barred from so doing without the Attorney General's consent. Any alien who violates this section of the law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.

(Signature of officer serving warning)

Field Office Director
(Title of officer)

San Francisco, California
(Location of INS office)

Form I-294 (4-1-97) N

Executive Office for Immigration Review
_____ Kearny Street, Suite 300
San Francisco, California 94108

File: _____

In the Matter of

_____                    In Removal Proceedings

Respondent  (_____)

## MEMORANDUM OF ORAL DECISION

This is a summary of the oral decision entered on _____. This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[X]  The respondent was ordered removed from the United States to ___India___

____  Respondent's application for voluntary departure was denied and respondent was ordered removed to _____ or in the alternative to _____

____  Respondent's application for voluntary departure was granted until _____ upon posting a bond in the amount of $_____ with an alternative order of removal to _____

[X]  Respondent's application for withholding of removal was ( ) granted (X) denied ( ) withdrawn ( ) other.

____  Respondent's application for cancellation of removal under Section 240A(a) was ( ) granted ( ) denied ( ) withdrawn ( ) other.

____  Respondent's application for cancellation of removal under Section 240A(b) was ( ) granted ( ) denied ( ) withdrawn ( ) other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

____  Respondent's application for a waiver under section _____ of the INA was ( ) granted ( ) denied ( ) withdrawn ( ) other.

____  Respondent's application for adjustment of status under section _____ of the INA was ( ) granted ( ) denied ( ) withdrawn ( ) other. If granted, it was ordered that respondent be issued all appropriate documents necessary to give effect to this order.

____  Respondent's status was rescinded under section 246 of the INA.

____  Respondent is admitted to the United States as a _____ until _____

____  As a condition of admission, respondent is to post a $_____ bond.

____  Respondent knowingly filed a frivolous asylum application after proper notice.

____  Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

____  Proceedings were terminated.

[X]  The Service/Respondent has/have waived appeal.

____  The Service/Respondent has/have reserved appeal which must be filed by __December 29, 1999.__
Other: _____

_____
Lawrence N. DiCostanzo
Immigration Judge

## CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL [ ]  PERSONAL SERVICE [X]
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [X] ALIEN'S ATTY/REP [X] INS
DATE: _____  BY: COURT STAFF _____
Attachments [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No:    A75 306 564

In Matter of:

Respondent:    SINGH, SATINDERPAL
                                                                                                    currently residing at:

39564 TRINITY WY  APT B  FREMONT, CA 94538-0000                        000-000-0000
(Number, street, city, state, and ZIP code)                                ( Area code and phone number)

[ ]   1.  You are an arriving alien.

[x]   2.  You are an alien present in the United States who has not been admitted or paroled.

[ ]   3.  You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
1) You are not a citizen or national of the United States;
2) You are a native of INDIA and a citizen of INDIA;
3) You entered the United States at or near SAN YSIDRO, CA on or about January 16, 1997;
4) You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following
provision(s) of law:
Section 212 (a) (6) (A)(i) of the Immigration and Nationality Act (Act), as amended, as an alien present in the United States without
being admitted or paroled, or who has arrived in the United States at any time or place other than designated by the Attorney General.

[ ]   This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

[ ]   Section 235(b)(1) order was vacated pursuant to:  [ ] 8 CFR 208.30(f)(2)    [ ] 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
550 KEARNY STREET,   SUITE #800, SAN FRANCISCO, CA 94108-0000
(Complete Address of Immigration Court, Including Room Number, if any)
on **15 MAY 1998**    at    1:00 p.m    to show why you should not be removed from the United States based on the
(Date)                         (Time)
charge(s) set forth above.

Date:                                                                         (Signature and Title of Issuing Officer)

                                                                    SAN FRANCISCO, CA
                                                                    (City and State)

### See reverse for important information

Form I-862(Rev. 4-1-97)

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before:

_____
(Signature and Title of INS Officer)

_____
(Signature of Respondent)

Date: _____

### Certificate of Service

This Notice to Appear was served on the respondent by me on ___DEC 15 1997___, in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[☑] in person          [ ] by certified mail, return receipt requested          [ ] by regular mail

[X] Attached is a list of organizations and attorneys which provide free legal services.

[ ] The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

_____
(Signature and Title of Officer)

EXHIBIT H

Office of Detention and Removal Operations
San Francisco, California

**U.S. Department of Homeland Security**
630 Sansome Street
San Francisco, CA 94121



**U.S. Immigration
and Customs
Enforcement**

**Satinderpal SINGH**
C/O In Agency Custody                                           A75 306 564

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

The Agency is in possession of a valid travel document for your removal. In addition, your criminal record and history of absconding from the Agency indicates that you present an unacceptable flight risk.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by *January 8, 2007,*, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____
Timothy Aitken, Acting Field Office Director

12/18/07
Date

# EXHIBIT I



**U.S. Department of Homeland Security**
Immigration and Customs Enforcement

SFR DRO 50/10

*Office of the Field Director*

630 Sansome Street, Room 590
San Francisco, CA 94111

**Satinderpal SINGH**
IN AGENCY CUSTODY

**A75 306 564**

# Decision to Continue Detention
# Following File Review

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Customs Enforcement (ICE). This decision has been made based on a review of your record and information submitted to ICE reviewing officials in support of your application for release.

Before you may be released you must demonstrate by clear and convincing evidence that you are not a flight risk if you are released from custody (*required by Title 8 CFR, Section 241.4*). I find that you have failed to sustain that burden of proof. Specifically, you failed to demonstrate that you would not be an unacceptable flight risk. After carefully weighing the factors pertaining to your case, it has been determined that you will not be released from the custody of the ICE based on the favorable and adverse factors listed below.

The Agency is working with the government of India in order to secure your travel document. In addition, I note that you have continued to engage in criminal conduct since your arrival into United States up until your latest arrest.

To date, you have not shown significant progress, which would warrant your release. Furthermore, I find that you have failed to present "clear and convincing" evidence that you would not pose a flight risk.

Therefore, pursuant to the authority contained in Sections 236 and 241 of the Immigration and Nationality Act, and parts 236 and 241 of the Code of Federal Regulations, I have determined that you shall continue to be detained in the custody of this Agency pending further review.

Your custody case has been transferred to ICE Headquarters Post-Order Detention Unit. Further review will be conducted by this unit and you will be notified of this at the earliest possible convenience. It is in your best interest to maintain proper behavior while awaiting this review. If you have any questions please contact:  Assessment Officer    at:

ICE Enforcement, Post Order Detention Unit
801 I Street, Suite 800
Washington D.C, 20536

_____
Nancy Alcantar / Field Office Director

1/28/08
_____
Date

(Page 1 of 2)

**Decision to Continue Detention Following File Review**
**Page 2**
**SINGH, Satinderpal SINGH (75 306 564)**

---

## PROOF OF SERVICE

(1)    **Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I ____MICHAEL FINULIAR____, _____IEA_____,
                Name of ICE Officer                                    Title

certify that I served _____SINGH, SADINDER_____ with a
                                    Name of detainee

copy of this document at __SANTA CLARA MAIN JAIL__ on __2-4-2008__,
                                        Institution                              Date

at __2030__.
        Time

(b)    I certify that I served the custodian _____,
                                                                    Name of Official

_____, at _____, on
            Title                                            Institution

_____ with a copy of this document.
        Date

### OR

(2)    **Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____, _____, certify
                Name of ICE Officer                          Title

that I served _____ and the custodian _____
                        Name of detainee                                            Name of Official

with a copy of this document by certified mail at _____,
on _____.                                              Institution
Date

( ) CC:  Attorney of Record or Designated Representative
(X) CC:  A-File
(Page 2 of 2)

EXHIBIT J



*Office of Detention and Removal Operations*

**U.S. Department of Homeland Security**
801 I Street, NW
Washington, DC 20536

**U.S. Immigration
and Customs
Enforcement**

SINGH, Satinder Pal                                   A75 306 564
C/O ICE Detention & Removal
San Francisco Field Office

### *Decision to Continue Detention*

This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has
reviewed your custody status and that you will not be released from custody at this time. This
decision was based on a review of your file record and/or personal interview and consideration
of any information you submitted to ICE reviewing officials.

You are a native and citizen of India. You entered the United States without inspection on
January 16, 1997 at San Ysidro, CA. On August 30, 1999, you were denied asylum by an
Immigration Judge and ordered removed from the United States. During your stay in the United
States you have been convicted of Driving Under the Influence, Possession of a Controlled
Substance, Insufficient Funds: Check and Possession of a Firearm. On March 5, 2003, the Board
of Immigration Appeals affirmed the Immigration Judges decision. On June 8, 2005, the 9th
Circuit denied your Petition for Review.

ICE is currently working with the Embassy of India to obtain a travel document to effect your
removal from the United States. ICE expects that a travel document will be issued for you and
that your removal will occur in the reasonably foreseeable future. You are to remain in ICE
custody at this time. Pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act
(INA), you are required to make timely and good faith efforts to obtain travel or other documents
necessary for your removal from the United States

This decision, however, does not preclude you from bringing forth evidence in the future to
demonstrate a good reason why your removal is unlikely. You are advised that you must
demonstrate that you are making reasonable efforts to comply with the order of removal and that
you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to
effect your removal.

You are also advised that any willful failure or refusal on your part to apply <u>in good faith</u> for
Travel documents, or any actions or conspiracy on your part with others to obstruct the issuance
of a travel document, may subject you to criminal prosecution under 8 USC § 1253(a).

Marlen Piñeiro      *Cheryl L Crenshaw/A/C*      2/26/08
Signature of HQCMU Chief/Designated Representative                    Date

**Decision of Post Order Custody Review – Detain**
**A75 306 564 - SINGH**
**Page 2**

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _FABIAN SAAB_, _SEA_,

certify that I served _SADINDER SINGH_ with a copy of

<p style="padding-left:2em">Name of detainee</p>

this document at _SCC_ on _2/28/08_, at _8:50 PM_.

<p style="padding-left:2em">Institution       Date       Time</p>

(b)    I certify that I served the custodian _____,

<p style="padding-left:2em">Name of Official</p>

_____, at _____, on

<p style="padding-left:2em">Title            Institution</p>

_____ with a copy of this document.

<p style="padding-left:2em">Date</p>

### OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____, _____, certify

<p style="padding-left:2em">Name of ICE Officer        Title</p>

that I served _____and the custodian _____,

<p style="padding-left:2em">Name of detainee        Name of Official</p>

with a copy of this document by certified mail at _____ on _____.

<p style="padding-left:2em">Institution        Date</p>

Detainee Signature: _____  Date: _8/28/08_

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

# EXHIBIT K

U.S. Immigration and Customs Enforcement
630 Sansome St.  Room 635
San Francisco, CA 94111



**U.S. Immigration
and Customs
Enforcement**

SFR / DRO

# Facsimile Transmission

Date: March 7, 2008

To:   Vice Consul Jaladhi Mukherjee

Fax:    (415) 668-█████

Phone: (415) 668-█████

From: Jerald H. Walters
      Deportation Officer
      San Francisco, CA

Phone: (415) 844-█████

Fax:    (415) 844-█████

☐ Urgent   ☐ Action   ☐ Concurrence   ☐ FYI

Number of pages including
cover:  3

Mr. Mukherjee,

Please find the following in regards to your request for subject's complete local address in India.

Sincerely,

Jerald Walters



**CONSULATE GENERAL OF INDIA**
SAN FRANCISCO

**Vice Consul**

No. SANF/CONS/410/59/2007                    28th February, 2008

Field Officer Director,
U.S. Department of Homeland Security,
630 Sansome Street, 5th Floor,
San Francisco,
CA 94111.


**Subject** : Verification of Personal particulars, identity, antecedents and
nationality of   Satinderpal Singh. [A75 306 564]

Dear Madam / Sir,

Please refer to your letter of August 27, 2007, on the abovementioned
subject presently detained.

2.     The authorities in India have stated that subject has not given the correct
address in India. Ajnala is a big city, the house and street details may kindly be
furnished. It is requested that the correct address may be ascertained. We are in
the process of verifying the nationality of the subject. In order to ascertain this, it
is essential to have the subject's complete local address in India.

Yours sincerely,

[Jaladhi Mukherjee]
Vice Consul

Satinder Pal SINGH                    *Alien Number:* A75 306 564


*Permanent Address in India:*
Coughwan Road Ajnala
Disst Amritsar Punjab, India


I, *SATINDERPAL SINGH,* solemnly affirm that the information given above is
my true and complete permanent address in India.


_____        Date 2-4-08 .
Signature

## Walters, Jerald H

| | |
|---|---|
| **From:** | Walters, Jerald H |
| **Sent:** | Friday, March 07, 2008 1:13 PM |
| **To:** | 'Vice Consul (P&V)' |
| **Subject:** | Satinderpal SINGH - A75 306 564 |

Mr. Mukherjee,

Please find the following in regards to your request for subject's complete local address in India.

Sincerely,

*Jerald H. Walters*
*Deportation Officer*
*San Francisco, CA*
*415-844-▉▉▉*



**CONSULATE GENERAL OF INDIA**
**SAN FRANCISCO**

**Vice Consul**

No. SANF/CONS/410/59/2007

28th February, 2008

Field Officer Director,
U.S. Department of Homeland Security,
630 Sansome Street, 5th Floor,
San Francisco,
CA 94111.

<u>**Subject**</u> : Verification of Personal particulars, identity, antecedents and
nationality of   **Satinderpal Singh. [A75 306 564]**

Dear Madam / Sir,

Please refer to your letter of August 27, 2007, on the abovementioned
subject presently detained.

2.    The authorities in India have stated that subject has not given the correct
address in India. Ajnala is a big city, the house and street details may kindly be
furnished. It is requested that the correct address may be ascertained. We are in
the process of verifying the nationality of the subject. In order to ascertain this, it
is essential to have the subject's complete local address in India.

Yours sincerely,

[Jaladhi Mukherjee]
Vice Consul

## Satinder Pal SINGH

*Alien Number:* A75 306 564

*Permanent Address in India:*

Coughwan Road Ajnala
Disst Amritsar Punjab, India

I, _SATINDERPAL SINGH_, solemnly affirm that the information given above is my true and complete permanent address in India.

_Satinderpal Singh_
Signature                                          Date _2-4-08_