1  Robert B. Jobe (Cal. State Bar #133089)
   Sara E. Coppin (Cal. State Bar #245952)
2  LAW OFFICE OF ROBERT B. JOBE
   550 Kearny Street, Suite 200
3  San Francisco, CA 94108
   (415) 956-5513 (phone)
4  (415) 840-0308 (fax)

5  Attorneys for Petitioner,
   Satinderpal Singh.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SATINDERPAL SINGH, | No. CV 08-1022 JF |
| | DHS Alien Number: A 75-306-564 |
| Petitioner, | |
| v. | |
| LT. DAVID SEPULVEDA, JAIL ADMINISTRATOR, SANTA CLARA COUNTY DEPARTMENT OF CORRECTION; ET AL., | PETITIONER'S TRAVERSE |
| Respondents. | |

Respondents have failed to show that there is a substantial likelihood of Petitioner's removal to India in the reasonably foreseeable future and so cannot show cause as to why a writ should not issue.

In their Response to Order to Show Cause ("Response"), Respondents purport to provide the Court with documentation of their progress in effectuating Mr. Singh's removal by obtaining a travel document from India. However, examination of those documents makes plain that Respondents' efforts have been rife with errors and that they are no closer to obtaining a travel document for Mr. Singh than they were when they took him into custody over nine months ago.

Mr. Singh has cooperated with the Department of Homeland Security ("DHS") in his removal by providing accurate "nationality, residence, and biological evidence for purposes of

CV 08-1022 JF
Petitioner's Traverse

obtaining a travel document" as early as July 17, 2007.[1]  However, on August 27, 2007, a letter from Assistant Field Office Director Anthony M. Aiello to R.K. Chibber of the Consular Section of the Indian Embassy in Washington D.C. requesting a travel document be issued to Mr. Singh spells Mr. Singh's first name incorrectly ("Santinderpal").  *See* Exh. G to *Response*.  A typed form entitled "Information for Travel Document or Passport" spells Mr. Singh's first name incorrectly in a different way ("Sadinder"), lists Mr. Singh's birthdate incorrectly ("05/19/1960"), and leaves blank Mr. Singh's last permanent residence in his country of citizenship.  *Id.*[2]  On February 28, 2008, the Indian Vice Consul sent a letter to the ICE Field Office Director stating that "subject has not given the correct address in India.  Ajnala is a big city, the house and street details may kindly be given."  *See* Exh. K of *Response*.  A response from Deportation Officer Jerald Walters dated March 7, 2008, provides exactly the same address information to the Indian Vice Consul that had already been provided by Mr. Singh as early as July 17, 2007.  *See id.*

       Respondents claim that "the government has submitted a request for a travel document to the Indian Consulate and expects to hear a response from the Indian Ministry of Home Affairs within 45 days."  *See Response* (*Grinberg Declaration*).  However, as the documents provided plainly demonstrate, Respondents have made no progress whatsoever in obtaining a travel

---

[1] Exhibit ("Exh.") F of the Response includes a letter, dated August 27, 2007, to the Indian Vice Consul from U.S. Immigration and Customs Enforcement ("ICE") Assistant Field Director Anthony M. Aiello, regarding ICE's need to obtain a travel document for Mr. Singh.  Also part of Exh. F is a completed "personal particulars proforma" from the Consulate General of India, dated more than one month earlier on July 17, 2007, with handwritten biographical and geographical information provided by Mr. Singh to aid ICE in obtaining a travel document.  His full name ("Satinderpal Singh"), his birthdate ("5/10/1960"), and his permanent address in India ("Coughman Road, Ajnala, Amritsar, Punjab"), are included on this form.  Also part of Exh. F is an Application for Indian Passport, completed in handwriting by Mr. Singh on July 17, 2007.  The information in the application is consistent with that on the personal particulars proforma.

[2] On December 18, 2007, Respondents sent Mr. Singh a Decision to Continue Detention falsely claiming that "[t]he Agency is in possession of a valid travel document for your removal."  *See* Exh. H to *Response*.  This letter was followed subsequent Decisions to Continue Detention that both state that the agency is "working on" obtaining a valid travel document from India.  *See* Exh. I to *Response* (*Decision to Continue Detention 1/28/08*), and Exh. J to Response (*Decision to Continue Detention 2/26/08*).

CV 08-1022 JF
Petitioner's Traverse

1  document for Mr. Singh.  Respondents make no claim that Mr. Singh has failed to cooperate with
2  removal efforts.  Indeed, the biographic and geographic information provided by Mr. Singh on
3  July 17, 2007 for the purposes of obtaining a travel document is consistent with the information
4  included on his asylum application filed in 1997.  As Mr. Singh has been detained for well
5  beyond the presumptively reasonable six-month period, and there is no significant likelihood of
6  his removal in the reasonably foreseeable future, he again requests that his Petition for Writ of
7  Habeas Corpus be granted.

Date:   April 30, 2008

Respectfully submitted,

LAW OFFICE OF ROBERT B. JOBE

/s/ Robert B. Jobe

_____
Robert B. Jobe
Sara E. Coppin

Counsel for Petitioner

CV 08-1022 JF
Petitioner's Traverse